UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRADY HYDE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FRANKLIN AMERICAN MORTGAGE<br>COMPANY,<br><br>                    Defendant. | 4:18-CV-04113-KES<br><br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RELIEF FROM<br>JUDGMENT |

Plaintiff, Brady Hyde, filed a complaint alleging that defendant, Franklin American Mortgage Company, violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. Docket 1. Franklin moved for summary judgment and the court granted Franklin's summary judgment motion and granted judgment in favor of Franklin. Dockets 21, 27, 28. Hyde now moves for relief from judgment based on newly discovered evidence. Docket 29. Franklin opposes the motion. Docket 32. For the following reasons, the court denies Hyde's motion.

**FACTUAL BACKGROUND**

A full factual background is included in the court's order granting summary judgment. Docket 27 at 1-6. Relevant facts for the motion for relief from judgment are as follows:

In its order granting summary judgment, the court found that 15 U.S.C. § 1681s-2(b) provides a private cause of action only once the debtor files a dispute with a credit reporting agency (CRA) and the furnisher of the disputed

information receives notice from the CRA that the consumer filed a dispute. *Id.* at 10-14. The court found that Hyde, the debtor, had not demonstrated that he filed a dispute with a CRA or that Franklin, the furnisher of credit information, received notice of any dispute from a CRA. *Id.* at 14. Hyde acknowledged that he never contacted a CRA about Franklin's handling of his loans or filed a dispute with a CRA. *Id.* The court concluded that Hyde failed to demonstrate that he submitted a dispute with a CRA prior to bringing a prior action and as a result he had not shown that he followed the statutory requirements to sue under § 1681s-2(b). *Id.* at 15. Thus, the court granted summary judgment in favor of Franklin. *Id.*

In April 2020, after the court issued its summary judgment order, Hyde filed a dispute with all major CRAs regarding its allegations against Franklin. Docket 30 at 1, Docket 31 ¶ 3; *see* Docket 31-2. Hyde now alleges that he meets the § 1681s-2(b) statutory requirements and seeks relief from judgment under Federal Rule of Civil Procedure 60(b). Docket 30 at 1-5. He argues that the fact of his filing of disputes with major CRAs against Franklin constitutes "newly discovered evidence" that justifies relief under Rule 60(b). *Id.*

## DISCUSSION

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for, among other reasons, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate

showing of exceptional circumstances . . . .' " *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000) (quoting *Hepper v. Adams Cnty*, 133 F.3d 1094, 1096 (8th Cir. 1998)). The court "has wide discretion in deciding whether or not to grant a motion" under Rule 60(b)(2). *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994) (citing *Baxter Int'l Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993). Grants of Rule 60(b) motions are a disfavored remedy. *O'Daniel v. Stroud NA*, 5:05-CV-5089-KES, 2008 WL 5192457 at *1 (D.S.D. Dec. 9, 2008) (citing *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)).

Relief under Rule 60(b)(2) is appropriate where "(1) the evidence was discovered after the summary judgment hearing; (2) the moving party exercised due diligence to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new hearing considering the evidence would probably produce a different result." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1535 (8th Cir. 1996) (citing *Callanan v. Runyun*, 75 F.3d 1293, 1297 (8th Cir. 1997). Franklin makes conclusory statements as to the third and fourth requirements, stating that Hyde cannot show the new evidence is "material" and that the new evidence would not change the result of the summary judgment proceeding. Docket 32 at 5, 6. The evidence does appear, however, to satisfy the jurisdictional requirement outlined in the summary judgment order. Thus, absent further evidence or argument from Franklin, the court addresses in depth only the first and second prongs.

3

### A.   Whether the Evidence was "Discovered" after the Summary Judgment Proceeding

Rule 60(b)(2) requires that the evidence in question be discovered after the summary judgment hearing. *Alpern*, 84 F.3d at 1535. The parties dispute whether evidence *created* after summary judgment—here, the disputes Hyde filed with CRAs following the court's summary judgment order—can constitute "newly discovered" evidence under Rule 60(b)(2). *See* Dockets 30, 32, 33. Franklin points to case law in the Eighth Circuit that indicates "newly discovered" evidence must have been in existence at the time of a trial on the merits. Docket 32 at 6-7. In *Postrollo v. University of South Dakota*, the court found that grade point averages from the 1973 fall semester were not "newly discovered" because it was doubtful that the evidence existed at the time of trial. 63 F.R.D. 9, 11 (D.S.D. 1974) ("There can be no Rule 60(b)(2) relief for evidence which has only come into *existence* after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials." (emphasis in the original)). In *Swope v. Siegel-Robert, Inc.*, the court determined that an IRS report that was not in existence at the time of trial, but was prepared after trial, did not constitute "newly discovered" evidence. 243 F.3d 486, 498 (8th Cir. 2001). In *Scheffler v. Minnesota Department of Human Services*, the court found that a letter dated July 6, 2015 was not grounds to alter a judgment issued in March 2015, because Rule 60(b)(2) only permits consideration of facts "which were in existence at the time

of trial." 2015 WL 4715530, at *1 (D. Minn. Aug. 7, 2015) (quoting *Swope*, 243 F.3d at 498).

Hyde argues that these cases are distinguishable because in each case, the evidence at issue related to a trial on the merits of the claim. Docket 33 at 2-3. Because the new evidence here pertains to Hyde's ability to sue under the § 1681s-2(b), Hyde argues, he should be able to introduce evidence created after the court's summary judgment order. *Id.* The court does not find this argument persuasive. No precedent in the Eighth Circuit interprets "newly discovered" in Rule 60(b)(2) to mean "newly discovered or created" in the context of jurisdictional requirements. Further, while the policy justification articulated in *Postrollo* contemplates the perpetual continuation of trials, the same logic applies where a plaintiff could perpetually generate new evidence that allows reevaluating settled judgments on jurisdictional issues. While Hyde determined that "a [Rule] 60(b) motion would be the most appropriate and transparent way to bring new factual developments" for consideration (*Id.* at 1), the court disagrees.

### B.    Whether Hyde Exercised Due Diligence to Discover the Evidence Before the Summary Judgment Proceeding

Even if newly created evidence could be considered "newly discovered," the party moving for relief from judgment must show that it exercised diligence to discover the evidence. *Alpern*, 84 F.3d at 1535. While the Eighth Circuit had never explicitly held that notice under § 1681s-2(b) must come from a CRA, not a consumer, it had noted as much in dicta. *Anderson v. EMC Mortg. Corp.*, 631

F.3d 905, 907 (8th Cir. 2011). And at the time this court issued its summary judgment opinion, other circuits had found that notice must come via a dispute filed with a CRA. *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

Hyde argues that he did not know he needed to file disputes with CRAs prior to filing suit, not that he could not have done so. *See* Docket 30 at 3-4. While Hyde may not have known for certain that a complaint to CRAs would be a requirement to sue under the FCRA, an exercise of due diligence would have revealed that such a requirement was likely necessary. Hyde provides no reason he could not have filed a report with the CRAs prior to filing suit. Thus, he does not satisfy the requirement that the evidence at issue could not have been discovered with the exercise of due diligence prior to summary judgment.

## Conclusion

Hyde seeks Rule 60(b)(2) relief based on evidence that he filed disputes with CRAs *after* summary judgment in this case. Rule 60(b)(2) relief is not appropriate where, as here, the new evidence was created after summary judgment. Further, even if "newly discovered" does include newly created evidence, the evidence of Hyde's filing disputes with CRAs could have been created, and thus discovered, using reasonable diligence before summary judgment. Thus, it is

ORDERED that Hyde's motion for relief under Rule 60(b)(2) is denied.

Dated May 10, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE